## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MANUEL RIOS,

      Plaintiff,

vs.                                                           No. CV 19-01111 RB/GBW

CURRY COUNTY DETENTION CENTER,

      Defendant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Federal Rule of Civil Procedure 41(b) on the handwritten complaint filed by Plaintiff Manuel Rios on November 27, 2019. (Doc. 1.) The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute.

Mr. Rios filed this civil rights proceeding under 42 U.S.C. § 1983. (*Id.*) The Complaint was not in proper form for a civil rights complaint. (*See id.*; *see also* Doc. 2 at 1.) Mr. Rios did not pay the filing fee or submit an application to proceed without prepayment of fees or costs pursuant to 28 U.S.C. § 1915. On April 7, 2020, the Court ordered Mr. Rios to cure these deficiencies within 30 days by filing a complaint in proper form and either paying the filing fee or submitting an application to proceed *in forma pauperis.* (Doc. 2.) The Order advised Mr. Rios that if he failed to cure the deficiencies within the 30-day time period, the Court could dismiss this proceeding without further notice. (*Id.* at 2.) The Court sent Mr. Rios the forms for submitting a § 1983 complaint and an application under § 1915. (*Id.*) More than 30 days elapsed after entry of the Court's Order to Cure Deficiencies and Plaintiff did not submit a complaint in proper form, pay

1

the filing fee, submit an application to proceed under § 1915, or otherwise respond to the Court's April 7, 2020 Order.

At the time it was filed, the handwritten complaint indicated that Mr. Rios was incarcerated at the Curry County Detention Center. (Doc. 1.) However, mail addressed to him at the Curry County Detention Center is being returned as undeliverable. (Docs. 3; 5; 6.) A review of the Curry County Detention Center records shows that Mr. Rios is no longer incarcerated at that facility, and he has not provided the Court with a current address.

As a result, on April 29, 2020, the Court entered an Order to Show Cause. (Doc. 4.) The Order directed Mr. Rios to provide the Court with a current address or show cause why the case should not be dismissed. (*Id.* at 2.) The Court set a deadline of 30 days for him to comply with the Order to Show Cause. (*Id.*) More than 30 days has elapsed, and he has not responded to the Court's April 29, 2020 order, has not shown cause, and has not otherwise communicated with the Court.

Under 28 U.S.C. §§ 1914(a) and 1915(a), the Court is required to collect the filing fee from the plaintiff or authorize the plaintiff to proceed without prepayment of the fee. Mr. Rios has failed to either pay the $5.00 filing fee or submit an application to proceed under § 1915. He was directed to comply with the statutory requirements or show cause why he should not be required to do so. (Doc. 2.) The local rules also require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Mr. Rios has failed to comply with D.N.M. LR-Civ. 83.6. The Court ordered Mr. Rios to provide his current, correct mailing address. (Doc. 4). He failed to respond to either of the Court's Orders.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Court may dismiss an action under Rule 41(b) for failure to prosecute, to comply with statutes or

rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).

Mr. Rios has failed to comply with the Court's orders, failed to comply with statutory provisions, including 28 U.S.C. § 1915, failed to comply with Federal Rules of Civil Procedure 8 and 11, failed to comply with D.N.M. LR-Civ. 83.6, and failed to prosecute this action. The Court may dismiss this action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, to comply with statutes, and to comply with court orders. *Olsen*, 333 F.3d at 1204, n.3. The Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with statutes, rules, and Court Orders and failure to prosecute this proceeding.

**IT IS ORDERED** that the Complaint filed by Plaintiff Manuel Rios (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b) for failure to comply with rules, statutes, and the Court's Orders, and failure to prosecute.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE